UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
GRAY MONTAGUE, JONAH DOE,
JAKE DOE, JOSH DOE, and RON DOE,

                Plaintiffs,

    —against—

POLY PREP COUNTRY DAY SCHOOL, WILLIAM
M. WILLIAMS, and RALPH DUPEE,

                Defendants.
------------------------------------------------------------------------x
JONAH DOE,

                Third-Party Plaintiff,

    —against—

AETNA INSURANCE COMPANY and
FEDERAL INSURANCE COMPANY,

                Third-Party Defendants.
------------------------------------------------------------------------x

Civil Action No.:
1:21-CV-04054
(MKB) (LKE)

**(PARTIALLY REDACTED)**

**PROPOSED THIRD-PARTY PLAINTIFF'S MOTION FOR LEAVE TO PARTIALLY FILE UNDER SEAL CERTAIN PARTS OF THIRD-PARTY PLAINTIFF'S PROPOSED THIRD-PARTY COMPLAINT AGAINST PROPOSED THIRD-PARTY DEFENDANTS AND SUPPORTING MOTION PAPERS, INCLUDING THIRD-PARTY PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS PENDING MOTION TO IMPLEAD SUCH THIRD-PARTY DEFENDANTS, AND FOR LEAVE TO PROCEED IN THE <u>THIRD-PARTY ACTION UNDER A PSEUDONYM</u>**

# TABLE OF CONTENTS

|  | PAGE |
|---|---|
| **TABLE OF AUTHORITIES** | *ii* |
| **STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT** | 3 |
|     1.    **PROTECTING THE REAL NAME AND IDENTITY OF JONAH** | 3 |
|     2.    **KEEPING THE FINANCIAL TERMS OF THE SETTLEMENT AGREEMENT CONFIDENTIAL** | 4 |
| **STATEMENT AS TO CONFIDENTIALITY** | 5 |
| **CONCLUSION** | 6 |

# TABLE OF AUTHORITIES

**CASES:**                                                     **PAGES:**

*Access 4 All, Inc. v. Park Lane Hotel, Inc.*, 2005 U.S. Dist. LEXIS 34159 (SDNY 2005).    4

*Mercer Health & Benefits LLC v. Brown*, 2022 U.S. Dist. LEXIS 132143 (SDNY 2022).    4, 5

*Palmieri v. State of New York*, 779 F.2d 861 (2d Cir. 1985).    4

*Pullman v. Alpha Media Pub., Inc.*, 624 Fed. Appx. 774 (2d Cir. 2015).    5

*Rahman v. Kaplan Cornelia, Inc.*, 2014 U.S. Dist. LEXIS 17449 (SDNY 2014).    5

*Sellick v. Consol. Edison Co. of N.Y., Inc.*, 2017 U.S. Dist. LEXIS 43554 (SDNY 2017).    5

*Suda v. Sushiden Corp.*, 2011 U.S. Dist. LEXIS 31298 (SDNY 2011).    4

**STATUTES & REGULATIONS:**

Federal Rules of Civil Procedure 7    3

Federal Rules of Civil Procedure 14    1

Federal Rules of Civil Procedure 10(a)    1

Federal Rules of Civil Procedure 26(c)(1)    1

Local Rules of the Eastern and Southern Districts of New York 5.1    3

Local Rules of the Eastern and Southern Districts of New York 6.1    3

Local Rules of the Eastern and Southern Districts of New York 7.1    3

*New York Child Victims Act,* N.Y. CPLR § 214-g    5

Proposed Third-Party Plaintiff JONAH DOE ("JONAH") intends to file an order to show cause motion to: (1) implead certain Third-Party Defendants pursuant to Rule 14 of the Federal Rules of Civil Procedure; and (2) for leave for Third-Party Plaintiff to proceed in said Third-Party action under a pseudonym pursuant to an appropriate protective order under Rules 10(a) and 26(c)(1) of the Federal Rules of Civil Procedure.

Third-Party Plaintiff JONAH thus respectfully moves this Court for an Order granting Third-Party Plaintiff the right to partially file under seal certain parts of: (1) Third-Party Plaintiff's Proposed Third-Party Complaint ("TPC") against Proposed Third-Party Defendants, Aetna Insurance Company and Federal Insurance Company, (2) Third-Party Plaintiff's Memorandum of Law in Support of His Pending Motion for, *inter alia,* Leave to File a Third-Party Complaint against Proposed Third-Party Defendants, Aetna Insurance Company and Federal Insurance Company ("Brief"), (3) certain confidential parts of various exhibits to those documents, and (4) the Affidavit of [Jonah Doe] sworn to on September 11, 2024, and hereby alleges the following:

Pursuant to the Stipulated Protective Order Governing Confidential Information entered by the Court on September 22, 2022 ("Protective Order," Dkt. No. 67), Plaintiff JONAH and Defendants Poly Prep County Day School ("Poly Prep") and Ralph Dupee ("Dupee") have designated certain parts of the following documents to be confidential:

(1) Proposed Order to Show Cause (no redactions);

(2) Proposed Third-Party Plaintiff's Motion for Leave to File Certain Documents Under Partial Seal, dated September 24, 2024 at pp. 1-3;

(3) Proposed Order re Motion to File Under Seal at pp. 2-4;

(4) Proposed Third-Party Complaint, dated September 24, 2024 ("TPC") at pp. 9-10, 22, and 25;

(5)     Ex. A to TPC (Corrected Amended Complaint, dated January 10, 2022) (no redactions);

(6)     Ex. B to TPC (Letter to Superintendent Harris, dated November 24, 2023) (no redactions);

(7)     Ex. C to TPC (Plaintiff's Forensic Report, dated January 23, 2024) at pp. 1-22;

(8)     Ex. D to TPC (Executed Settlement Agreement, dated September 23, 2024) at pp. 4-8, 10, 23;

(9)     Ex. E to TPC (Stipulation for Order and Entry of Judgment, dated September 23, 2024 at p. 1, Ex. A ([Proposed] Order for Judgment at p. 1, and Ex. B (Executed Settlement Agreement, dated September 23, 2024) at pp. 4-8, 10, 23);

(10)    Ex. F to TPC (Dept. of Financial Services Letter to Insurers, dated September 12, 2019) (no redactions);

(11)    Proposed Third-Party Plaintiff's Memorandum of Law, dated September 24, 2024 ("Brief") at pp. 15, 18, 19, 22, 24, 25, 26, 28, and 34;

(12)    Ex. A to Brief (Proposed Third-Party Amended Complaint, dated September 24, 2024) at pp. 9-10, 22, and 25;

(13)    Ex. B to Brief (Corrected Amended Complaint, dated January 10, 2022) (no redactions);

(14)    Ex. C to Brief (Executed Settlement Agreement, dated September 23, 2024) at pp. 4-8, 10, 23;

(15)    Ex. D to Brief (Plaintiff's Forensic Report, dated January 23, 2024) at pp. 1-22;

(16)    Ex. E to Brief (Articles re Settlements and Verdicts) (no redactions);

(17) Ex. F to Brief (Selected Excerpts from February 22, 2023 Deposition of ███████ ███████) at pp. 1, 41-46, 112;

(18) Ex. G to Brief (Selected Excerpts from June 30, 2010 Deposition of William M. Williams) at pp. 88-89, 93-95, 100-103, 109, 112-113, 134, 139, 144, 146, 147, 153;

(19) Ex. H to Brief (Selected Excerpts from June 15, 2023 Deposition of ███████) at pp. 1, 35-42;

(20) Ex. I to Brief (Selected Excerpts from April 26, 2023 Deposition of ███████) at pp. 1, 11, 12, 15, 16, 24, 26, 37, 44, 49, 50, 51, and 52;

(21) Affidavit of [Jonah Doe], sworn to on September 11, 2024, at pp. 1, 7, and 8; and

(22) Proposed Protective Order re Confidentiality (no redactions).

In accordance with the Protective Order, the confidential material as set forth above must be filed under seal. Pursuant to this Court's rules and procedures related to filing documents under seal, all of the above-designated confidential documents are hereby filed with this motion, in both their unredacted form and in versions in which all designated confidential language is redacted.

**Statement of Points and Authorities in Support**

This Motion is made pursuant to Rule 7 of the Federal Rules of Civil Procedure as well as Local Rules 5.1, 6.1, and 7.1.

The documents for which Third-Party Plaintiff requests leave to partially file under seal include confidential information pertaining to: (1) the real names and identities of Third-Party Plaintiff JONAH, his co-Plaintiffs in the underlying action, and other alleged sexual abuse victims; and (2) the financial terms of the settlement agreement between the Poly Prep Defendants (Poly Prep and Ralph Dupee) and JONAH, including the fixed amount of the settlement agreed upon by

the parties, as well as the amount of settlement monies paid by the Poly Prep Defendants to JONAH as part of the settlement.

1. **Protecting the Real Name and Identity of JONAH**

Third-Party Plaintiff's arguments to proceed in the third-party action pseudonymously under an appropriate protective order are set forth at length in Third-Party Plaintiff's Motion for Leave to Partially File Under Seal Certain Parts of: (1) Third-Party Plaintiff's Memorandum of Law in Support of His Pending Motion to Implead Such Third-Party Defendants and for Leave to Proceed in the Third-Party Action Under a Pseudonym, which has been filed contemporaneously with this motion at pp. 36-45. Said Memorandum of Law, which is attached hereto, should be incorporated by reference and made a part hereof.

2. **Keeping the Financial Terms of the Settlement Agreement Confidential**

Courts in the Second Circuit routinely permit parties to keep the financial terms of settlement agreements confidential even as they retain jurisdiction to enforce the agreement. *See, e.g., Mercer Health & Benefits LLC v. Brown*, 2022 U.S. Dist. LEXIS 132143, at *2-3 (SDNY 2022); *Access 4 All, Inc. v. Park Lane Hotel, Inc.*, 2005 U.S. Dist. LEXIS 34159, at *6 (SDNY 2005) (noting that the court "retain[ed] jurisdiction to enforce" a confidential settlement agreement); *Palmieri v. State of New York*, 779 F.2d 861, 864 (2d Cir. 1985) (finding error in a district court's decision to lift a sealing order that applied to a settlement agreement); *Suda v. Sushiden Corp.*, 2011 U.S. Dist. LEXIS 31298, at *1 (SDNY 2011) (in FLSA case, court permitted the amounts of settlement payments to be redacted from all publicly filed documents).

As the *Mercer Health* Court explained, when the parties agreed to a confidential settlement agreement "based on their intention and understanding that terms such as the amount of consideration to be exchanged would remain confidential," the parties' desire to keep such

information confidential has often been found sufficient to mandate limited sealing. *Mercer Health*, 2022 U.S. Dist. LEXIS 132143, at *6 (citations omitted). Here, the Settlement Agreement between the Poly Prep Defendants and JONAH expressly provides that the financial terms of the Settlement Agreement shall remain confidential. *See* Settlement Agreement (Ex. D to Proposed Third-Party Complaint ("TPC")) at ¶ 11.

In authorizing the continued confidentiality of the financial terms of the settlement agreement, the *Mercer Health* Court further stated that:

> The parties also have additional reasons to keep the monetary terms of the settlement agreement confidential, such as the desire to insulate Defendants from the possibility of copycat litigation, or to avoid the appearance that Defendants have engaged in any wrongdoing, given that, in agreeing to settle, Defendants have not admitted to engaging in any wrongdoing.

*Id.* at *6-7.

Similar considerations are implicated in this case, particularly as: (1) the Poly Prep Defendants are defendants in several other New York Child Victims Act cases and would be severely prejudiced if the financial terms of settlement were revealed publicly to their other litigation adversaries, and (2) the Settlement Agreement contains a "No Admission of Liability" clause. *See* Settlement Agreement (Ex. D to TPC) at ¶ 9.

Third-Party Plaintiff has "narrowly tailored" his sealing motion, as his request for limited redactions of the financial terms is no broader than necessary to protect the public interest in access to court proceedings. *See Sellick v. Consol. Edison Co. of N.Y., Inc.*, 2017 U.S. Dist. LEXIS 43554, at *25-26 (SDNY 2017) (finding that "limited redaction" of terms related to parties' settlement agreement was "narrowly tailored" and granting motion to redact limited amount of words in court filing); *Pullman v. Alpha Media Pub., Inc.*, 624 Fed. Appx. 774, 779 (2d Cir. 2015) (holding that a "district court … did not abuse its discretion in redacting the settlement amount"); *Rahman v.*

*Kaplan Cornelia, Inc.*, 2014 U.S. Dist. LEXIS 17449, at *31 n.8 (SDNY 2014) (finding "no compelling reason to disclose the settlement sum" in adjudicating motion to enforce a settlement agreement).

### Statement as to Confidentiality

Given that certain parts of the TPC and Brief (and exhibits thereto), and the Affidavit of [Jonah Doe], were designated by both Plaintiff and Defendants as "confidential" pursuant to the Protective Order entered in this case, there is no disagreement that requires narrowing or further discussion on the sealing issue, and the Poly Prep Defendants (Poly Prep and Ralph Dupee) do not oppose this Motion or the relief requested by JONAH.

### Conclusion

Third-Party Plaintiff JONAH DOE thus respectfully requests that the Court enter an Order: (1) permitting him to file the unredacted TPC and Brief (with designated exhibits thereto), and Affidavit of [Jonah Doe, under seal; (2) permitting him to file a public version of the TPC and Brief (with various exhibits thereto), and Affidavit of [Jonah Doe], with all confidential information redacted from such documents, via PACER; and (3) granting Third-Party Plaintiff JONAH DOE any other, different, or further relief to which this Court may seem just, proper, or necessary.

Dated: September 24, 2024
       Orangeburg, New York

Respectfully submitted,

| **KEVIN T. MULHEARN, P.C.** | & | **BURNS BAIR LLP** |
|---|---|---|
| *Kevin T. Mulhearn /S* | | *Timothy Burns /S* |
| By: Kevin T. Mulhearn, Esq. | | By: Timothy Burns, Esq. |
| 60 Dutch Hill Road | | 10 E. Doty Street |
| Suite 6B | | Suite 600 |

| | |
|---|---|
| Orangeburg, New York 10962<br>845-222-8092<br>kmulhearn@ktmlaw.net | Madison, Wisconsin 53703<br>608-286-2302<br>tburns@burnsbair.com<br>(*Pro Hac Vice* Application Pending) |

*Attorneys for Third-Party Plaintiff, JONAH DOE*